IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01496-REB-MJW

JAMES L. CALER,

    Plaintiff,

v.

AXA DISTRIBUTORS LLC and
AXA EQUITABLE LIFE INSURANCE COMPANY,

    Defendants.

---

## PROTECTIVE ORDER (Docket No 22-1)

---

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests such as: (a) personnel records of current or former employees of Defendant to the extent that such information implicates privacy interests and is not generally known to the public; (b) proprietary business information of the Defendant; (c) information containing industry trade secrets; (d) information relating to Plaintiff concerning personal, medical, financial and/or tax returns and confidential matters not generally known to the public; and/or (e) documents obtained by Defendants through releases, medical authorizations signed by the Plaintiff or subpoenas concerning Plaintiff's medical, personal identification, financial and/or tax records. However, nothing in this Protective Order is to be interpreted as consent by the Plaintiff to obtain, execute and/or produce such releases.

4. Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer, or a party should that party not be represented by a lawyer, who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "Confidential" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(B)(2) & (3).

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and

shall not, without the consent of the party producing it, or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed, without the prior consent of the party producing it or further Order of the Court, to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the Parties, including designated representatives;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses;

    (h)    dispute resolution providers, including arbitrators, mediators and any other individuals employed (or whose employer has been engaged) for the purpose of alternative dispute resolution relating to the matters at issue in this lawsuit; and

    (i)    other persons by written agreement of the Parties.

    6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and

stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." In addition, any medical records and any financial or tax records for Plaintiff that Defendants obtain as a result of a release, or authorization form signed by the Plaintiff or subpoena, if any, shall be deemed "CONFIDENTIAL INFORMATION," whether or not Plaintiff or any other person has stamped the word "CONFIDENTIAL" on those records.

8. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

9. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons

not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

11. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2. Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the Parties may seek further protections against public disclosure from the Court.

12. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the

party or non-party offering or sponsoring the witness or presenting the testimony.

13. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to comply with the Court's procedures, which may include filing an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the dispute. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed. The destroying party shall confirm the destruction of the confidential documents.

15. If a deponent refuses to agree to the nondisclosure provisions of this Protective Order, disclosure of the Confidential Information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances the witnesses shall have the opportunity to sign the original deposition transcript in the presence of the

court reporter and no copy of the transcript or exhibits shall be given to the deponent.

16. This Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be construed as a waiver of any right to object to the furnishing of information in response to discovery.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 9TH day of September, 2014.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Civil Action No. 1:14-cv-01496-REB-MJW, *James L. Caler vs. AXA Distributors, LLC and AXA Equitable Life Insurance Company*, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____    _____
                  (Date)                                              (Signature)